UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMERICAN GENERAL LIFE INSURANCE COMPANY,<br><br>        Plaintiff,<br><br>v.<br><br>HERKIMER, INC. dba HERKIMER RADIO SERVICES, DIANA HERKIMER, MBT FINANCIAL CORP. dba MONROE BANK & TRUST AND DOES 1-10,<br><br>        Defendants. | Case No. 5:15-cv-01922 JFW (KKx)<br><br>**JUDGMENT OF DISCHARGE IN INTERPLEADER AND FOR DISTRIBUTION OF INTERPLED FUNDS**<br><br>**Complaint Filed: 09/18/2015** |

      The stipulation of plaintiff, American General Life Insurance Company successor-in-interest to AIG Life Insurance Company ("American General") through its attorneys, the law firm of Wilson, Elser, Moskowitz, Edelman & Dicker, LLP, and defendants Herkimer Inc., dba Herkimer Radio Service ("Herkimer Radio"), Diana Herkimer, and MBT Financial Corp. dba Monroe Bank & Trust ("MBT") (collectively Herkimer Radio, Diana Herkimer and MBT referred to hereinafter as "Defendants") (American General and Defendants referred to hereinafter as "the Parties"), came before this Court in due course. For good cause appearing the stipulation is GRANTED.

      It is hereby ordered and adjudged as follows:

1. That, On or about April 15, 1999, Harry C. Herkimer ("Decedent"), applied for a life insurance policy from American General's predecessor-in-interest, AIG Life Insurance Company with a face value of $250,000.00. At the time of applying for the policy, Decedent designated "Carl P. Herkimer, Partner" as primary beneficiary for $100,000.00 of the death benefit and defendant Herkimer Radio as primary beneficiary for the remainder;

2. That, on or about May 24, 1999, American General issued life insurance policy no. VL9940269 ("the Policy") with a face value of $250,000.00;

3. That, after issuing the Policy, in or about December 2010, Decedent assigned the Policy as collateral to defendant MBT in the amount of $88,000.00 from a loan which Decedent received from defendant MBT;

4. That, On or about October 10, 2014, Decedent requested a disbursement from the cash value of the Policy in the amount of $50,000.00. American General processed the disbursement request and issued a check to Decedent in the amount of $50,000.00 on or about October 30, 2014;

5. Decedent requested a second request for a disbursement from the cash value of the Policy in the amount of $40,000.00 on or about March 5, 2015. American General processed the second disbursement request and issued a check for $40,000.00 on or about March 14, 2015;

6. That, Decedent died on or about March 20, 2015;

7. That, following the death of Decedent, American General received a call from Wanda Dickson of GLIC, insurance agent for Decedent, and was advised of Decedent's death, during which call Ms. Dickson also advised that the beneficiary was Carl P. Herkimer, if living, otherwise to the Carl P. Herkimer Trust. Ms. Dickson also advised that Carl P. Herkimer was deceased;

8. That, on or about June 15, 2015, defendant MBT wrote to American General and advised that pursuant to the collateral assignment of the Policy, it was

entitled to proceeds from the Policy to cover the outstanding loan balances of Herkimer, Inc. and other "related obligors." MBT also stated in the letter that the payoff balance of a loan in the account of Herkimer, Inc. was $18,272.14, with per diem interest of $2.40. MBT also advised of a second loan, account of the Harry C. Herkimer Revocable Trust dated March 11, 2005, with a payoff balance of $87,370.20, with a per diem of $11.86. In sum, MBT claimed the total payoff balance was $105,642.34;

9. That, a claim for the death benefit was submitted by defendant Herkimer Radio to American General dated June 30, 2015, signed by Lisa Herkimer Walters;

10. That, on or about June 26, 2015, American General wrote to Carl P. Herkimer and to MBT requesting additional information necessary to process the claims, including information that would show whether or not there was a release of the assignment of the loans. In its letter to MBT, American General also requested updated values of the outstanding loans;

11. That, MBT responded to American General's June 26, 2015 letter on or about July 7, 2015, which letter informed American General that the loan values as of that date which were $86,597.02 and $16,244.74, respectively;

12. That, on or about July 22, 2015, defendant Diana Herkimer submitted a Proof of Death Claimant's Statement to recover the death benefit. Defendant Diana Herkimer identified herself as Decedent's sister-in-law and spouse of Carl Herkimer, one of the primary beneficiaries. In support of her claim, defendant Diana Herkimer submitted a Proof of Heirship Affidavit stating that she was the surviving spouse of primary beneficiary Carl Herkimer;

13. That, on account of the death of the Decedent, a death benefit under the Policy became payable in the amount of $159,950.00, reflecting the decrease in the $250,000.00 face amount on account of the two policy loans totaling $90,000.00 issued to Decedent and processing fees;

14.     That, American General is, and at all time mentioned in this Complaint ready, willing, and able, to pay the life insurance proceeds under the Policy to the person or persons legally entitled thereto, but that by virtue of the competing claims, it cannot determine who is entitled to the death benefit;

15.     That, Defendants and each of them, are persons known to American General to be asserting some right, title, or interest in the death benefits which are the subject of this Complaint, and/or potentially could assert some right, title or interest in the proceeds, hence, there are conflicting potential demands upon American General;

16.     That, American General is unable to determine with certainty the validity of the actual and potential conflicting demands that are and may be made by defendants herein as described above, and cannot determine whom to pay;

17.     That, American General may be exposed to multiple claims or liability should it make payment of the benefits to an individual or individuals not entitled to the benefits;

18.     That, by reason of the actual and potential conflicting claims to the life insurance proceeds, American General does not know and cannot determine the person or persons legally entitled to payment;

19.     That, American General claims no interest in the life insurance proceeds or any part thereof, other than as a mere stakeholder of those proceeds, and as a result of the actual and potential conflicting, but apparently potentially valid claims of Defendants, is indifferent as to which person should receive the death benefit proceeds;

20.     That, American General properly filed the Complaint in Interpleader in good faith and without collusion with any of the parties hereto to resolve all disputes over the life insurance proceeds;

21.     That, American General has no other means of protecting itself from the vexation of duplicative claims and therefore was entitled to interplead the life

4
JUDGMENT OF DISCHARGE IN INTERPLEADER AND DISTRIBUTION OF FUNDS
1459941v.1

1 insurance proceeds into this Court and to obtain judgment of this Court releasing American General from further participation in this matter, and for its fees and costs in interpleading the funds;

22. That American General is a disinterested stakeholder and is indifferent to which defendant or defendants are entitled to the death benefit payable under the Policy;

23. That, this Court has jurisdiction pursuant to: 28 U.S.C. 1335 as there are two or more adverse claimants of diverse citizenship and the insurance proceeds exceed the statutory minimum of $500.00; 28 U.S.C. §1332 because diversity exists between Plaintiff American General and the defendants, as American General and Defendants are citizens of different states and the amount in controversy exceeds $75,000.00 as stake is $159,950.00, plus interest due on the death benefits; and Rule 22 of the Federal Rules of Civil Procedure;

24. That, Defendants consent to the personal and subject matter jurisdiction of this Court;

25. That, American General properly filed the Complaint for Interpleader and Declaratory Relief in this action and stated a proper cause for interpleader;

26. That, American General is entitled to recover fees and costs in the amount of $6,896.00, and that a check in the amount of $6,896.00 shall be made payable to "American General Life Insurance Company" and mailed c/o its counsel of record, Dennis J. Rhodes, Wilson Elser, 525 Market Street, 17th Floor, San Francisco, CA 94105;

27. That, of the funds deposited, defendant Diana Herkimer shall receive $96,552.00, and that a check in the amount of $96,552.00, shall be made payable to "Diana Herkimer," and mailed to 133 Lakeshore Drive, Rancho Mirage, CA 92270;

28. That, of the funds deposited, defendant MBT shall receive $57,391.64 with all interest accrued by the entirety of the funds interpled while on deposit with

the court, if any, and that a check in that amount of $57,391.64 plus accrued interest shall be made payable to "Monroe Bank & Trust" and mailed to Peter Perna, Monroe Bank & Trust, 102 E. Front Street, Monroe, MI 48161;

29. That, defendant Herkimer Radio agrees to take no portion of the funds on deposit;

30. That, the Parties agree that Does 1-10 named in the Complaint shall be dismissed without prejudice from this action;

31. That, having brought this action and deposited with the Court the amount of $160,839.64 which represents the death benefit due under the Policy plus accrued interest, American General shall be discharged from any and all liability to Defendants as well as their heirs, successors, assigns, representatives, agents and/or anyone purporting to act on their behalf, based upon and/or with respect to the terms of the Policy, the death benefit payable under the Policy, the death of Decedent and/or Defendants' claim for the death benefit payable under the Policy;

32. That the Court, including its appropriate representative, shall pay and/or distribute the $160,839.64 interpled by American General in this action as set forth in this Stipulation and in the Stipulated Judgment to be entered in this action;

33. That Defendants and their heirs, successors, assigns, representatives, agents and/or anyone purporting to act on their behalf, shall be permanently restrained and/or prohibited from instituting or prosecuting any proceeding in any state court, United States Court or administrative tribunal against American General based upon and/or with respect to the terms of the Policy, the death benefit payable under the Policy, Defendants' claims for the death benefit payable under the Policy, and American General's handling of the Policy, administration of the Policy or its handling of Defendants' claims for the death benefit;

34. That, American General is entitled to a judgment of discharge in interpleader in its favor in this action as to Defendants;

35. That, except as otherwise set forth herein, all parties are to bear their own fees and costs with respect to the litigation of this action, including the the Stipulated Judgment entered thereon; and

36. That, the Clerk of the Court shall enter judgment in accordance with the terms herein.

Date: October 29, 2015

_____
Honorable John F. Walter
United States District Judge